IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY L. TIESZEN, <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE JOHN BASTIAN, et al., <br><br> Defendants. | 8:21-CV-169 <br><br> MEMORANDUM AND ORDER |

The *pro se* plaintiff in this case, a resident of South Dakota, is suing a former South Dakota state judge and several residents of South Dakota for an alleged conspiracy that he says resulted in him "being falsely imprisoned" by the State of South Dakota. *See* filing 1. The plaintiff also moves to supplement his complaint to add another defendant: a sitting U.S. District Judge for the District of South Dakota. Filing 6.

But it's obvious from the complaint that venue is improper here in Nebraska. A civil action may be brought in U.S. District Court in: (1) a district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated; or (3) if there's no district in which an action may otherwise be brought, any district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). It's apparent

that (1) and (2) are unsatisfied here: the defendants are located in South Dakota, as was the alleged conspiracy. And there is no reason that venue wouldn't lie in South Dakota, so (3) doesn't help either.[1]

Nor is the Court inclined to indulge the plaintiff's ongoing search for a friendly court after filing essentially the same claims in South Dakota and then Arkansas. The plaintiff first sued Judge Bastian and most of the other defendants in U.S. District Court in South Dakota in 2011, alleging what appears to be the same conspiracy, only to have it dismissed as time-barred. *Tieszen v. Bastian*, No. 5:11-cv-5053, 2012 WL 1038712 (D.S.D. Mar. 27, 2012). The Eighth Circuit affirmed that decision on the merits. *Tieszen v. Bastian*, 535 F. App'x 536 (8th Cir. 2013). So the plaintiff tried again in Arkansas, only to have the U.S. District Court for the Eastern District of Arkansas promptly ship the case off to South Dakota, *Tieszen v. South Dakota*, No. 4:17-cr-203, slip op. at 1 (E.D. Ark. Mar. 30, 2017), where it met the same fate as before, *Tieszen v. South Dakota*, No. 5:17-cv-5020, slip op. at 2 (D.S.D. Apr. 18, 2017).

The Arkansas court did the right thing, and this Court will do the same. "For the convenience of parties and witnesses, in the interest of justice, a

---

[1] The plaintiff's attempt to sue a South Dakota federal judge doesn't change that. There are procedures to handle any actual or potential conflict of interest, and § 1391(e)(1) wouldn't make venue proper in Nebraska when no defendant resides here.

district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). And the Court may do so *sua sponte*. See *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012); *I-T-E Cir. Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965); *see also In re Ryze Claims Sols., LLC*, 968 F.3d 701, 706 n.5 (7th Cir. 2020).

It's likely, based on the history of litigation recited above, that this case is barred by both the relevant statutes of limitations and *res judicata*. But the Court will leave those matters, as well as whether the plaintiff should be permitted to supplement his pleading, to a court where venue is proper.

IT IS ORDERED that the Clerk of the Court shall immediately effect transfer of this case to the District of South Dakota.

Dated this 18th day of May, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge